No. 85-287

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

IN THE MATTER OF THE MENTAL HEALTH
OF D.R.S.,
            Appellant.

_____

APPEAL FROM: District Court of the Eighth Judicial District,
             In and for the County of Cascade,
             The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        John Keith, Great Falls, Montana


        For Respondent:

                Hon. Mike Greely, Attorney General, Helena, Montana
                Patricia Schaeffer, Asst. Atty. General, Helena
                Patrick L. Paul, County Attorney, Great Falls, Montana
                Steven Lobdell, Deputy County Atty., Great Falls

_____

                        Submitted on Briefs: Jan. 30, 1986

                             Decided: May 6, 1986


Filed:    MAY 6 - 1986


_____
                    Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

D.R.S. appeals from an order of the Cascade County District Court committing him to Montana State Hospital. He argues that the evidence was insufficient to support the conclusion that he is seriously mentally ill. We affirm.

On November 5, 1982, Dana J. Minster, a clerk at Western Warehouse Foods in Great Falls, Montana, was the victim of an armed robbery. The two robbers took Minster behind a woodpile by the store, taped him up, covered him with wood and left him in the cold. He identified D.R.S. as the robber who taped him up while the other one threatened to shoot Minster if he didn't tell them the combination to the safe. Minster testified that both robbers frightened him and that he feared for his life.

Following the robbery, criminal charges were filed against D.R.S. A psychiatric examination showed that D.R.S. suffered from serious mental disease and lacked the capacity to understand the proceedings against him and to assist in his own defense. Defense counsel moved, and the State stipulated, to suspend proceedings because of D.R.S.' lack of fitness to proceed in the matter, pursuant to § 46-14-221, MCA. The District Court then committed him to the custody of the Department of Institutions and he was placed in Montana State Hospital on January 26, 1983.

D.R.S. remained in the hospital until the fall of 1984 when he was declared fit to proceed in the criminal matter. On October 1, 1984, he was transferred to the Cascade County Jail to await trial. The District Court dismissed the

criminal charges on January 8, 1985, due to the lapse of time which had occurred while D.R.S. was unfit to proceed. The District Court also ordered the County Attorney to file a petition seeking involuntary commitment of D.R.S. to Montana State Hospital. D.R.S. remained in custody pending this petition.

After a probable cause hearing, the District Court held a hearing on the civil commitment petition on February 14, 1985. On February 26, 1985, the District Court found that D.R.S. suffered from serious mental illness and ordered him committed to Montana State Hospital with release to an appropriate supervised community setting when the hospital staff determined such a release would be advisable. The District Court also ordered that D.R.S. be transported to the Montana State Hospital as soon as possible.

D.R.S. appeals this order raising one issue:

Whether sufficient evidence supports the District Court's finding that D.R.S. is seriously mentally ill.

Section 53-21-102(14), MCA, defines seriously mentally ill as

> . . . suffering from a mental disorder which has resulted in self-inflicted injury or injury to others or the imminent threat thereof or which has deprived the person afflicted of the ability to protect his life or health. For this purpose, injury means physical injury. . .

The standard of proof is set forth in § 53-21-126(2), MCA.

> The standard of proof in any hearing held pursuant to this section is proof beyond a reasonable doubt with respect to any physical facts or evidence and clear and convincing evidence as to all other matters, except that mental disorders shall be evidenced to a reasonable medical certainty. Imminent threat of self-inflicted injury or injury to others shall be evidenced by overt acts, sufficiently recent in time as to be material and

- 3 -

relevant as to the respondent's present condition. [Emphasis added.]

". . . [T]he law does not require proof beyond a reasonable doubt that an injury will occur in the future . . . The law requires only proof beyond a reasonable doubt that the threat of future injury presently exists and that the threat is imminent . . ." Matter of F.B. (Mont. 1980), 615 P.2d 867, 869, 37 St.Rep. 1442, 1445.

An overt act or behavior is evidence of a person's status as seriously mentally ill. This term of art refers to a manifestation of dangerousness. F.B., supra. When this requirement is coupled with a corresponding psychiatric evaluation, the District Court can better assess the likelihood that the person will commit similar acts. F.B., supra.

D.R.S. contends that the State failed to show "overt acts, sufficiently recent in time as to be material and relevant" to his present condition. He claims that the acts allegedly committed in furtherance of the robbery, occurring almost two and one-half years prior to the hearing, do not satisfy the requirement of a recent overt act. In Matter of the Mental Health of D.B. (Mont. 1985), 709 P.2d 161, 162, 42 St.Rep. 1747, 1749, this Court stated past behavior can be material and relevant to a person's present condition. The circumstances in the case at bar are such that a lapse of time between the overt act and the commitment proceedings do not preclude relying on the overt act as evidence of D.R.S.' mental condition.

Dr. James Deming, the psychologist who treated D.R.S. for the two-year period at Montana State Hospital testified

- 4 -

that D.R.S.' condition was essentially unchanged from that in 1982. He testified that:

> [D.R.S.] continued to exhibit symptoms of a significant mental illness, continued to be confused, continued to develop neologisms or new words, continued to be convinced of specific bizarre ideations, as an example, [D.R.S.] was convinced that his lawyer was my brother. On the basis of the information that both of us wore mustaches. He continued to have--to exhibit a significant thought disorder which renders him unpredictable, and in my judgment, imminently dangerous.

Dr. Deming relied on several factors in concluding that D.R.S. is dangerous. In addition to the primary element of the charges against D.R.S., Dr. Deming considered his statements of unwillingness to accept supervision in a community setting for his disorder, D.R.S.' stated intent to use alcohol when he leaves the hospital, and the deterioration of his condition while in the county jail. Dr. Deming explained that a small amount of alcohol would render D.R.S. confused and disoriented, resulting in dangerous behavior, and that he had not received medication during his stay in jail. The fact that D.R.S. had not exhibited dangerous or "acting-out" behavior in the hospital was due to the supervised environment and the control of his medication. If taken out of this supervised setting, Dr. Deming said that D.R.S. would become imminently dangerous within two months. Finally, the doctor expressed his opinion that D.R.S. is seriously mentally ill and imminently dangerous to himself and others due to his mental disease of paranoid schizophrenia.

D.R.S.' conduct during the robbery, under the circumstances presented here, is "sufficiently recent in time as to be material and relevant" to his present condition. Section 53-21-126(2), MCA. The time lapse between the overt

act and his commitment hearing was due to his serious mental illness. The evidence showed his condition remained as it was at the time of the overt act. In addition, the psychiatric evaluation stated that D.R.S. would be imminently dangerous within two months of leaving the supervised hospital setting. We hold that the District Court had sufficient evidence to find D.R.S. is seriously mentally ill.

The order of the District Court is affirmed.

_____

We concur:

_____
Chief Justice

_____

_____

_____
Justices